UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YOUSSOUF O. ABDOURAHMANE, | CASE NO. 1:15CV1072 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| v. | Magistrate Judge George J. Limbert |
| LORETTA LYNCH, | |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On May 28, 2015, Petitioner Youssouf O. Abdourahmane ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Dkt. #1[1]. In his writ of habeas corpus, Petitioner requests that he be released from custody pending receipt of travel documents necessary to effect his removal from the United States. ECF Dkt. #1. On June 10, 2015, the undersigned issued an order to show cause as to why Petitioner's habeas petition should not be granted. ECF Dkt. # 2. On July 24, 2015, Respondent Loretta Lynch ("Respondent") filed a motion to dismiss on the grounds that Petitioner's habeas petition had become moot because he was released from the custody of United States Immigration and Customs Enforcement ("ICE"). ECF Dkt. #5, #5-1. Petitioner did not respond to Defendant's motion to dismiss.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss and DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice.

## I. SYNOPSIS OF THE FACTS

Petitioner is a native of the Central African Republic. ECF Dkt. #1 at 1. On April 18, 2013, the Ambassador of the Central African Republic denied the issuance of traveling documents for the

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

deportation of Petitioner. ECF Dkt. #1-1 at 1. Plaintiff was again denied travel documents for deportation on April 7, 2015. ECF Dkt. #1-1 at 2. On July 21, 2015, Petitioner was released from the custody of ICE. Ecf Dkt. #5-2 at 1.

## II. LAW AND ANALYSIS

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal citations omitted). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is well settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477; *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Baker v. Carr*, 369 U.S. 186 (1962).

District courts lack jurisdiction over prisoners who are not in government custody. 28 U.S.C. § 2241(c). There are limited exceptions to this rule, however, Respondent has effectively shown that none of the exceptions are present in the instant case in Respondent's unopposed motion to dismiss because the instant case is not capable of "repetition, yet evading review." ECF Dkt. #5-1 at 3 (citing *Lane v. Williams*, 455 U.S. 624 (1982); *Sibron v. New York*, 392 U.S. 40 (1968); *Spencer v. Kemma*, 523 U.S. 1 (1988); and *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579 (6th Cir. 2006)). The Sixth Circuit has held that once the Court can no longer grant the requested relief, and when there has been no showing that the petitioner's rights will be violated in the future or that any future violation could not be fully litigated prior to its cessation or expiration, the request for relief is rendered moot. *See Enazeh v. Davis*, 107 Fed. App'x 489 (6th Cir. 2004).

Petitioner's sole claim for relief in his habeas petition is "an immediate release from this unjust detention." ECF Dkt. #1 at 2. In no was does Petitioner allege that he will suffer any collateral consequences, or that this case is otherwise capable of "repetition, yet evading review." *See Spencer,* 523 U.S. at 17. Petitioner has already been released from custody, thus satisfying the sole request contained in his habeas petition. Based on the above, Petitioner's claim is moot and thus the Court lacks subject matter jurisdiction over Petitioner's writ of habeas corpus.

### **III.** **CONCLUSION**

Based on the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #5) and DISMISS Petitioner's federal habeas corpus petition (ECF Dkt. #1) in its entirety with prejudice.


DATE:  August 26, 2015              */s/ George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).